**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Plaintiff,

v.

WILLIAM WARNOCK, *et al.*,

Defendants.

CIVIL ACTION NO. 2:14-CV-00123-RWS

**ORDER**

This case comes before the Court on Plaintiff's Motion for Summary Judgment [33]. After reviewing the record, the Court enters the following Order.

**Background**

Plaintiff Liberty Mutual Fire Insurance Company[1] seeks a declaratory judgment that an automobile insurance policy it issued to Defendant Mary Warnock does not provide coverage related to an automobile accident involving her son, Defendant William Warnock. Plaintiff insured a 2009 Ford

---

[1]The docket names Plaintiff as Liberty Life Assurance Company of Boston, but the Court uses the name the parties use in their filings.

Fusion owned by Mary, the named insured. When William turned 16 years old, his grandparents provided him a Ford Escape to drive. William's grandparents, Filmore and Lynn Meredith (the "Merediths"), insured the Ford Escape with another insurance carrier.

While Mary's car was being repaired in early 2012, the Merediths provided her with another vehicle for her regular use: a Mazda Miata. But after only a few days, the Miata broke down, and Mary began driving the Ford Escape. So, the Merediths let William use another vehicle of theirs: a 2002 Toyota Tundra.

On February 7, 2012, less than a week after William started driving the Tundra, William had an accident while driving a friend to track practice. The friend suffered head injuries and was taken to a nearby hospital for treatment. The friend's parents filed a lawsuit against the Warnocks in the State Court of Jackson County, and Plaintiff filed this action seeking a declaration that it owes no coverage under Mary's policy due to an exclusion for non-owned vehicles "furnished or available for the regular use of a 'family member.' " (See Pl.'s Br., Dkt. [33-1] at 13; Policy, Dkt. [33-3] at 10.) Plaintiff moves for summary judgment.

## Discussion

### I. Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome



AO 72A
(Rev.8/82)

of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Analysis

The material facts are undisputed, but the parties disagree on the



AO 72A
(Rev.8/82)

interpretation of the insurance policy as applied to the facts of this case. Under Mary's policy for her Ford Fusion, she is the named insured and the Fusion is the "covered auto." (Policy, Dkt. [33-3] at 8.) The policy provides coverage for:

> 1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer."
>
> 2. Any person using "your covered auto."
>
> 3. For "your covered auto," any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
>
> 4. For any auto or "trailer," other than "your covered auto," any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part.

(Id. at 9.)

Under the exclusions, however, Plaintiff does not provide coverage for the use of:

> 2. Any vehicle, other than "your covered auto," which is:
>    a. owned by you; or
>    b. furnished or available for your regular use.
>
> 3. Any vehicle, other than "your covered auto," which is:
>    a. owned by any "family member;" or



AO 72A
(Rev.8/82)

b. furnished or available for the regular use of any "family member."

(Id. at 10.)

Plaintiff argues that it is entitled to summary judgment because the Toyota Tundra William drove was furnished or available to him for his regular use, thus coming under exclusion 3.b. Defendants argue, on the other hand, that the Tundra was not available to him for regular use because he had only had the Tundra for four days. (See Defs.' Resp., Dkt. [35-1] at 8.) Moreover, Defendants argue William only used the Tundra for necessary driving during that time. (Id.)

The Georgia Court of Appeals has recognized "that a jury could debate endlessly the meaning of 'furnished or available for regular use.' " Mattox v. Cotton States Mut. Ins. Co., 275 S.E.2d 667, 668 (Ga. Ct. App. 1980). Therefore, the court decided to interpret this provision "to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase of the premium." Id. at 669 (quoting Cotton States Mut. Ins. Co. v. Falls, 152 S.E.2d 811, 814 (Ga. Ct. App. 1966) (Felton, C.J., dissenting)).



AO 72A
(Rev.8/82)

In Mattox, a police officer sought coverage under his wife's auto insurance policy for an accident he was involved in while driving a police vehicle on the job. Id. at 668. The police department owned five cars that were available to officers of the traffic division, although no car was assigned to a particular officer. Id. The police officer "customarily drove one of these cars on a daily basis in the pursuit of his duties" and was driving one of these cars when the accident happened. Id. The court held that the police officer was not covered under his wife's policy for the use of the police vehicle because "[i]t cannot be imagined that the insurer intended to increase its risk, without payment of any additional premium, by coverage of the insured in automobiles the insured habitually drove with such frequency in the course of his job." Id. at 669.

Plaintiff contends that the Mattox rule applies here even though William had only driven the Tundra for a few days. Because the parties agree that the Ford Escape was available for William's regular use, (see Defs.' Resp., Dkt. [35-1] at 8) Plaintiff asserts that the Tundra was merely a substitute vehicle for another non-owned car William regularly used and is thus excluded, (see Pl.'s Br., Dkt. [33-1] at 15.).

Plaintiff cites Greenway v. Southern General Insurance Co., 385 S.E.2d 793 (Ga. Ct. App. 1989), in support of his argument. In that case, Greenway sought coverage under his wife's policy after he was involved in an accident while driving a Chevrolet Suburban his employer had provided to him. Id. at 794. It was undisputed that Greenway's employer furnished him with a vehicle on a regular basis. Id. Normally, that vehicle was a Ford truck, but at the time of the accident, the truck was in the shop and Greenway had been driving the Suburban "only a short time." Id. Still, the Court of Appeals held that the Maddox rule applied and found in favor of the insurance company. Id. Plaintiff therefore argues that Greenway is controlling.

Defendants argue that Allstate Insurance Co. v. Czaplicki, 526 S.E.2d 78 (Ga. Ct. App. 1999), requires the Court to analyze whether William's use of the Tundra alone was regular and habitual. (See Defs.' Resp., Dkt. [35-1] at 9.) There, Allstate argued "that an automobile insurance policy covering Robert Czaplicki as a resident of his father's household excluded coverage for a wreck that occurred when Robert was driving his grandfather's van." 526 S.E.2d at 78. Allstate contended that the van was a non-owned vehicle available to Czaplicki for his regular use. Id. The parties stipulated that Czaplicki "drove

the van only occasionally" so the battery would not die, however. Id. The Georgia Court of Appeals reiterated that "[t]he test for determining coverage under Mattox is whether the vehicle's use materially increases the insurer's risk without a corresponding increase in the insured's premium. The risk materially increases only if the vehicle is habitually used; it does not increase if the vehicle is merely available for use." Id. at 79. Because Czaplicki only used the van occasionally, the court found that the van was covered under the policy. Id.

Defendants assert that by drawing its focus on "whether *the vehicle's* use materially increases the insurer's risk," the language in Czaplicki requires courts to focus on the particular vehicle involved in the accident, not whether that vehicle was a substitute for another regularly used, non-owned vehicle. But the Czaplicki court did not face that issue, and the court found determinative the parties' stipulation that the van was driven only occasionally. Therefore, the Court does not read Czaplicki as requiring the Court to focus its attention on the Tundra only.

The Court agrees with Plaintiff that the analogous case of Greenway controls. Like in Greenway, it is undisputed that William regularly drove the

non-owned Ford Escape and was only driving the Toyota Tundra[2] as a temporary substitute but would resume driving the Ford Escape once his mother's car was fixed. The fact that William was temporarily driving another car his grandparents had provided him when he had the accident does not matter because, as in Greenway, the reasoning in Mattox controls. William's regular use of these vehicles materially increased the risk to Plaintiff without a corresponding increase in the premium of Mary's insurance policy for her Ford Fusion. See Mattox, 275 S.E.2d at 669. Consequently, Plaintiff's Motion for Summary Judgment [33] is **GRANTED**, as the insurance policy does not provide coverage for claims made arising out of this accident, and Plaintiff has no obligation to defend or indemnify Mary Warnock or William Warnock with respect to the claims in the underlying action.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment

---

[2]Defendants assert that William was only using the vehicle for necessary driving, and so they argue that for this additional reason, the Tundra was not available for William's regular use. Even if this were the case, it is undisputed that William was using the Toyota Tundra as a substitute for the Ford Escape, and it was available for his regular use to and from school for the few days that he drove it. Though a jury could also endlessly debate the term "necessary driving," the Court finds that the circumstances of this case still fit within the reasoning laid out in Mattox and Greenway.



AO 72A
(Rev.8/82)

[33] is **GRANTED**. The Court finds that the insurance policy does not provide coverage for claims made arising out of this accident, and Plaintiff has no obligation to defend or indemnify Mary Warnock or William Warnock with respect to the claims in the underlying action. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this 23rd day of June, 2015.

**RICHARD W. STORY**
United States District Judge